

# The Attorney General of Texas

February 21, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable David Cain
Chairman
Committee on Transportation
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No. JM-441

Re: Whether administrative fees may be assessed by a justice of the peace or a municipal judge in traffic cases arising under article 6701d, section 143A, V.T.C.S.

Dear Representative Cain:

You ask the following two questions:

> 1.  May municipal and justice of the peace courts assess an administrative fee to defendants in administering provisions of article 6701d, section 143A, V.T.C.S.?

> 2.  May municipal and justice of the peace courts assess an administrative referral fee to Texas Department of Safety approved or licensed Class 4 CDTS schools which provide driver safety courses to section 143A defendants?

Section 143A of article 6701d provides for the dismissal of certain misdemeanor charges upon completion of a driving safety course by the defendant. The defensive driving course must be one approved by the Texas Department of Public Safety or by the court. See V.T.C.S. art. 6701d, §143A(a)(1), (2). You state that a municipal court contracted with certain providers of approved courses to present a list of the providers to section 143A defendants. In return, the course provider pays the municipal court a fee for each course completion by a section 143A defendant. These fees are used to defray the costs of administering the section 143A dismissal program.

It is well-established that a fee may not be charged unless the fee is provided for by law. Attorney General Opinion JM-346 (1985); see also Attorney General Opinions JM-357 (1985); JM-165, JM-158, JM-153 (1984); JM-113, JM-22 (1983). Article 6701d does not authorize the imposition of an administrative referral fee either against defendants or against the providers of defensive driving courses. See also Code Crim. Proc. art. 45.07 (no costs shall be provided for by

ordinance); <u>cf.</u> Code Crim. Proc. art. 45.06 (authorizing special fee for the issuance and service of warrant of arrest for violating promise to appear under section 149 of article 6701d).

### S U M M A R Y

Article 6701d does not authorize the imposition of an administrative referral fee in cases arising under the section 143A program for the dismissal of certain misdemeanor charges upon completion of a driving safety course by defendant. No such fee may be assessed against section 143A defendants or against the providers of driving safety courses without statutory authorization.

Very truly yours

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General